# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN JOSE

E-filing

---

UNITED STATES OF AMERICA,

V.

VIVIAN CHIKE OBICHERE

**FILED**

JAN 0 6 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY COURT ORDER

**CR 15 009**

DEFENDANT(S).

**EJD**
**HRL**

## INDICTMENT

18 U.S.C. § 1542--- False Statement in Application and Use of Passport
(Count One and Two) ;
18 U.S.C. § 1425(b) - Procurement of Citizenship or Naturalization Unlawfully
( Count Three);
18 U.S.C. § 1621--- Perjury (Count Four and Five)

---

A true bill.

_____ Foreman

Filed in open court this ___6th___ day of

January 2015

Ada Means, Clerk

Bail $ ___NO BAIL WARRANT___

Jacqueline Scott Corley
United States Magistrate Judge

MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

RITA F. LIN (CABN 236220)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6511
    FAX: (415) 436-7234
    Rita.lin@usdoj.gov

Attorneys for United States of America

FILED
JAN 06 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

SEALED BY COURT ORDER

EJD

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 15 009 |
| Plaintiff, | |
| v. | VIOLATIONS: 18 U.S.C. § 1542 – False Statement in Application and Use of Passport (Counts One and Two); 18 U.S.C. § 1425(b) – Procurement of Citizenship or Naturalization Unlawfully (Count Three); 18 U.S.C. § 1621 – Perjury (Counts Four and Five) |
| VIVIAN CHIKE OBICHERE, | |
| Defendant. | |
| | SAN JOSE VENUE |

## INDICTMENT

The Grand Jury charges:

**COUNT ONE**: (18 U.S.C. § 1542 – False Statement in Application and Use of Passport)

    1. On or about April 2, 2012, in the Northern District of California, the defendant,

VIVIAN CHIKE OBICHERE,

made false statements in an application for renewal of a passport with intent to induce and secure for her own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application:

    a.  The defendant falsely stated that her name was C.C.O., a person now deceased (with

INDICTMENT

    a maiden name of C.C.B.);

  b. The defendant falsely stated that she was born on July 13, 1952;

  c. The defendant falsely stated that she was born in Oakland, California; and

  d. The defendant falsely listed her social security number as that of C.C.O.,

which statements she knew to be false, each in violation of Title 18, United States Code, Section 1542.

**COUNT TWO**: (18 U.S.C. § 1542 – False Statement in Application and Use of Passport)

  2. The allegations contained in Paragraph 1 are re-alleged and incorporated herein.

  3. On or about June 20, 2013, in the Northern District of California, the defendant,

        VIVIAN CHIKE OBICHERE,

made a false statement in an application for a passport with intent to induce and secure for her own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application, the defendant falsely stated that the only other name she had ever used was Vivian C. Obicher, and that she had never previously applied for or been issued a passport, when in fact the defendant had previously sought a passport by falsely using the name C.C.O., which statement she knew to be false, in violation of Title 18, United States Code, Section 1542.

**COUNT THREE**: (18 U.S.C. § 1425(b) – Procurement of Citizenship or Naturalization Unlawfully)

  4. The allegations contained in Paragraphs 1 through 3 are re-alleged and incorporated herein.

  5. On or about July 6, 2012, in the Northern District of California, the defendant,

        VIVIAN CHIKE OBICHERE,

for herself, a person not entitled to naturalization, knowingly applied for and obtained naturalization, by making the following false statements on a signed written Form N-400 Application for Naturalization to the Department of Homeland Security, which was received by the Department of Homeland Security on or about July 16, 2012:

  a. Form N-400, Application for Naturalization, Question 1.C states: "If you have ever used other names, provide them below." The defendant falsely omitted to list the

name "C.C.O.," even though she had previously used that name to falsely apply for a passport.

b. Form N-400, Application for Naturalization, Question 7.B states: "How many trips of 24 hours or more have you taken outside of the United States during the past five years?" The defendant falsely responded "0," even though she had in fact traveled outside the United States for more than 24 hours numerous times in the past five years using a passport obtained in the name of C.C.O.;

c. Form N-400, Application for Naturalization, Question 7.C states: "List below all trips of 24 hours or more that you have taken outside of the United States since becoming a lawful permanent resident." The defendant falsely listed no trips, even though she had in fact traveled outside the United States for more than 24 hours numerous times since becoming a permanent resident, using a passport obtained in the name of C.C.O.;

d. Form N-400, Application for Naturalization, Question 10.D.23 states: "Have you **ever** given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" (Emphasis in original.) The defendant falsely responded in the negative, even though she had given false information to the State Department in her application for a passport in the name of C.C.O.;

each in violation of Title 18, United States Code, Section 1425(b).

**COUNT FOUR**: (18 U.S.C. § 1621 – Perjury)

6. The allegations contained in Paragraphs 1 through 5 are re-alleged and incorporated herein.

7. On or about October 2, 2012, in the Northern District of California, the defendant,

VIVIAN CHIKE OBICHERE,

having duly taken an oath to provide truthful testimony before Rey Patague, a competent officer of the Department of Homeland Security, Citizenship and Immigration Services, during an interview duly authorized by the Department of Homeland Security concerning the defendant's N-400, Application for

INDICTMENT

Naturalization, and in which a law of the United States authorizes an oath to be administered, did willfully and knowingly and contrary to said oath state material matter that the defendant did not believe to be true, that is to say:

    a. The defendant falsely represented that she had disclosed all names that she had used, all trips that she had made greater than 24 hours outside the United States since the requested dates, and all instances in which she gave false or misleading information when applying for an immigration benefit in response to Questions 1.C, 7.B, 7.C, and 10.D.23, when in fact she had failed to do so, as described above in Paragraph 5,

all in violation of Title 18, United States Code, Section 1621.

**COUNT FIVE**: (18 U.S.C. § 1621 – Perjury)

    8. The allegations contained in Paragraphs 1 through 7 are re-alleged and incorporated herein.

    9. On or about February 25, 2013, the Northern District of California, the defendant,

VIVIAN CHIKE OBICHERE,

having duly taken an oath to provide truthful testimony before Rey Patague, a competent officer of the Department of Homeland Security, Citizenship and Immigration Services, during an interview duly authorized by the Department of Homeland Security concerning the defendant's N-400, Application for Naturalization, did willfully and knowingly and contrary to said oath state material matter that the defendant did not believe to be true, that is to say:

    a. Officer Patague asked: "Have you ever used the name C.C.O. at any time for any reason?" The defendant falsely answered: "Not that I remember.";

    b. Officer Patague asked: "Have you ever departed the U.S. since 1988?" The defendant falsely answered: "No.";

each in violation of Title 18, United States Code, Section 1621.

//
//
//
//

INDICTMENT

DATED: 1/6/15

A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
DANIEL KALEBA
Deputy Chief, General Crimes Section

(Approved as to form: _____ )
AUSA Rita F. Lin

INDICTMENT

AO 257 (Rev. 6/78)

E-filing

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

--- OFFENSE CHARGED ---

Counts One and Two: 18 U.S.C. § 1542 – False Statement in Application and Use of Passport
Count Three: 18 U.S.C. § 1425(b) – Procurement of Citizenship or Naturalization Unlawfully
Counts Four and Five: 18 U.S.C. § 1621 – Perjury

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A.

SEALED BY COURT ORDER

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED JAN 06 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S
▶ VIVIAN CHIKE OBICHERE

DISTRICT COURT NUMBER
CR 15 009

EJD
HRL

--- PROCEEDING ---

Name of Complaintant Agency, or Person (& Title, if any)
Department of Homeland Security

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form   Melinda Haag
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Rita F. Lin

--- DEFENDANT ---

IS NOT IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

## Attachment A
## Indictment
## United States v. Vivian Chike Obichere

| | |
|---|---|
| Counts One and Two | 18 U.S.C. § 1542 – False Statement in Application and Use of Passport |
| Count Three | 18 U.S.C. § 1425(b) – Procurement of Citizenship or Naturalization Unlawfully |
| Counts Four and Five | 18 U.S.C. § 1621 – Perjury |

Counts One and Two: Maximum 10 Years Imprisonment; Maximum Fine of $250,000; Maximum Supervised Release of 3 Years; Mandatory $100 Special Assessment; Deportation

Count Three: Maximum 10 Years Imprisonment; Maximum Fine of $250,000; Maximum Supervised Release of 3 Years; Mandatory $100 Special Assessment; Deportation

Counts Four and Five: Maximum 5 Years Imprisonment; Maximum Fine of $250,000; Maximum Supervised Release of 3 Years; Mandatory $100 Special Assessment; Deportation